[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married on July 8, 1978 in Pittsfield, Massachusetts. There are three minor children issue of this marriage to wit: Julie A. Perkins born October 4, 1979, Sarah M. Perkins born July 25, 1981 and Rebekah M. Perkins born March 15, 1983.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues before the court in this matter is that of the custody of the minor children. Both parties seek sole custody. Neither party seeks joint custody.
The defendant wife, who is presently 32 years old and the plaintiff husband, who is presently 34 years old, met when the defendant wife was 15 years old, married when she was 20 years old and by the time she was 25 years old she had given birth to all three children. The plaintiff husband is the only man with whom the defendant wife has had a significant romantic relationship.
The plaintiff husband is in good health, the defendant wife, CT Page 478 on the other hand suffers from multiple sclerosis. According to the medical testimony she has had this condition since 1983. The effects have been relatively mild to date and she could go on without any major disability for a number of years. Her ability for full time work, however, is limited. She must have employment where she can sit and not have to use fine muscle coordination. She has a high school education and has taken a few college courses. Currently she is doing light housework earning about $75.00 per week. It was, nevertheless, clear from the medical testimony that she can function well in her home and capably care for her children.
The clinical psychologist who has been treating the defendant wife since March of 1989 is of the opinion that as of the present time she is "very grounded", "very competent" and functions quite well as a mother. She loves the children unconditionally, sees each child as an individual and is working hard on being consistent with the children.
The plaintiff husband vacated the family home in December of 1989 and the defendant wife and the minor children have been living there since that time.
The plaintiff husband has a high school education and an associates degree from a community college. He is employed at a nuclear power plant as a station technician. His weekly gross income from 1986 through and including 1990 has ranged from a high of approximately $1281.00 to a low of approximately $936.00. His thirteen week average gross weekly income shown on his current financial affidavit is $896.10. Overtime pay is included in all of the above figures.
The plaintiff husband has an excellent relationship with the minor children and is a very good and caring father. He is presently living in a home owned by a woman with whom he is currently maintaining a romantic relationship.
A Family Relations Counsellor of this court conducted a study in this matter. For some reason which is not fully clear to this court, but is based partially on the plaintiff husband's failure to diligently participate, the study was directly soley at the question of whether the defendant wife was physically and mentally capable of caring for the children. The study did not cover any attributes of the plaintiff husband. The Family Relations Counsellor concluded that the defendant wife was physically and mentally capable of caring for the minor children.
The attorney for the minor children represented to the court that the children love both parents, have an excellent relationship with both parents and do not want to take a position CT Page 479 as to which parent they choose to live with. They wish to continue to have a full and meaningful relationship with both parents.
As previously stated, this marriage has broken down irretrievably. There are, however, so many elements that go into this breakdown that the court does not place upon either party any greater degree of fault than the other.
After a thorough and careful review of all of the evidence before this court and with due consideration for the best interests of the minor children the following order shall enter.
The defendant wife shall have the sole custody of the minor children and the plaintiff husband shall have reasonable rights of visitation which shall include but not necessarily be limited to (a) every other weekend, (b) at least one evening during the week, (c) alternate major holidays, (d) alternate vacations during the school year and (e) two continuous weeks during the summer.
In addition, the court has taken into consideration all of the criteria contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the plaintiff husband in and to the real property known as 14 Blue Bird Road, Middletown, Connecticut is hereby assigned to the defendant wife subject to the first and second mortgages which shall be her sole obligation and she shall indemnify and hold the plaintiff husband harmless therefrom. The debt to the Dutch Point Credit Union for which there is an attachment against said premises shall be the sole obligation of the plaintiff husband and he shall indemnity and hold the defendant wife harmless therefrom. The purpose of this indemnification of the defendant wife is to further provide for the future support of the defendant wife and the minor children and the indemnification should not be dischargeable in bankruptcy.
2. All of the contents of said premises shall be the sole and exclusive property of the defendant wife except the following which shall be the sole and exclusive property of the plaintiff husband: (a) his desk, (b) the pieces of the marble column and (c) his coin collection.
3. The plaintiff husband shall pay to the defendant wife for the support of the minor children the sum of $105.00 per week per child until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding. CT Page 480
4. The plaintiff husband shall pay to the defendant wife the sum of $60.00 per week as periodic alimony until the death of the plaintiff husband, the death of the defendant wife, the remarriage of the defendant wife or February 1, 2003, whichever event shall first occur. Said sum shall be payable by way of an immediate wage withholding.
5. The plaintiff husband shall maintain insurance on his life in the amount of $50,000 for each minor child until such child reaches the age of majority or is sooner emancipated.
6. The plaintiff husband shall continue to maintain his presently existing health insurance for the benefit of the minor children. In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid equally by the plaintiff husband and the defendant wife; provided, however, that except in the case of an emergency no such expenses for which the plaintiff husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
7. The plaintiff husband shall, at the option of the defendant wife, continue to maintain his presently existing health insurance for the benefit of the defendant wife for so long as he is permitted to do so under the terms of the underlying policies, and/or pursuant to any state or federal law. Any premium occasioned thereby shall be paid equally by the plaintiff husband and the defendant wife; provided, however, that the plaintiff husband's obligation to pay one-half of said premium shall terminate upon the death of the plaintiff husband, the death or remarriage of the defendant wife or 3 years from the date hereof, whichever event shall first occur. Any premium due thereafter shall be paid solely by the defendant wife.
8. The plaintiff husband is in arrears on the pendente lite orders of this court to the extent that he has not paid the bill of Dr. Deena Robbins for services rendered to the minor children and has not paid the sum of $1620 plus late fees that was due and owing to the Liberty Bank. The plaintiff husband shall pay all such fees owed to Dr. Robbins within 60 days from the date hereof. He shall pay said sum owed to the Liberty Bank (to the bank if the same has not yet been paid or to the defendant wife if she has previously paid said sum) within 30 days from the date hereof.
9. The fees of Attorney Patricia Gillen, the attorney for the minor children in the amount of $2237.50 shall be paid by the plaintiff husband within 60 days of the date hereof. CT Page 481
10. All of the stocks, bonds and 401K funds shown on the plaintiff husband's financial affidavit shall remain his sole and exclusive property.
11. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court and dated January 8, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears, and they shall indemnify and hold the other party harmless therefrom.
12. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court and dated January 8, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
13. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
14. The defendant wife may resume her maiden name of Robillard.
FREDERICK A. FREEDMAN, JUDGE